UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER MAIBERGER, et al.,

        Plaintiffs,

v.

CITY OF LIVONIA, et al.,

        Defendants.
                                      /

Case No. 09-cv-15000

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING PLAINTIFFS' MOTION
FOR RECONSIDERATION** (docket no. 40)

This case has its origins in a bidding war to provide towing for stranded vehicles to the City of Livonia ("City"). For almost twenty years, the City contracted with Livonia Towing Company, owned by John Klotz, for towing service. The City renewed that contract after completing a competitive government bidding process in 2009. The losing bidders, Ross Towing of Livonia and its owner Christopher Maiberger, filed this action in state court against Livonia Towing, John Klotz, the City, and numerous City officials, alleging improprieties in the bidding process under state and federal law. The defendants removed the case to this Court on December 23, 2009. On July 13, 2010, the Court entered an Order ("the July 13 Order") granting the defendants' summary judgment motions on all claims against them. Docket No. 38. Now before the Court is the plaintiffs' motion for reconsideration of the July 13 Order. The plaintiffs' assert legal errors in the Court's analysis of the tortious interference claims in the case, and in the Court's application of the motion to dismiss standard with respect to the tortious interference claim against one of the

City officials. The Court concludes that the plaintiffs' motion fails to show a significant, outcome-determinative error that would prompt the Court to revisit its previous ruling. Accordingly, it will deny the motion.

## STANDARD OF REVIEW

It is an exception to the norm for the Court to grant a motion for reconsideration. *See* E.D. Mich. LR 7.1(h)(3) ("Generally . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."). To obtain reconsideration, the movant must (1) "demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled" and (2) "show that correcting the defect will result in a different disposition of the case." *Id.* The requirement of a "palpable defect" limits the Court to revisiting only those errors that are "obvious, clear, unmistakable, manifest, or plain." *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001). Therefore, absent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided.

## ANALYSIS[1]

The plaintiffs make two claims of error in their motion for reconsideration. First, they argue that the Court did not apply the proper legal standard to claims of tortious interference involving contracts or expectancies between towing companies and "stranded motorists." Second, they assert that the Court incorrectly applied the standard of review for a motion to dismiss to the tortious interference claim against Robert Stevenson, the

---

[1] All of the plaintiffs' arguments address either purported legal failings in the July 13 Order or a failure to properly construe facts the plaintiffs alleged. Because the Court finds that the accuracy of the July 13 Order's recitation of facts has not been meaningfully challenged, the Court incorporates it by reference to into this Order.

City's chief of police. The Court holds, for the reasons stated below, that neither of these claims represents a palpable, outcome-determinative error meriting reconsideration of this case.

I. Did the Court Make a Legal Error in Analyzing the Tortious Interference Claims?

The plaintiffs contend that the Court erred when it failed to properly consider its legal argument that the City defendants tortiously interfered in plaintiffs' expected contracts with stranded motorists. They point to *Lucas v. Monroe County*, 203 F.3d 964 (6th Cir. 2000) as authority for their position. In that case, the plaintiff towing companies sued the county and members of the sheriff's department because the companies were excluded from a "call list" kept by the sheriff's department for use by deputies when in need of a tow truck. *Lucas*, 203 F.3d at 967. The sheriff's department included towing companies on the list if they met certain objective characteristics, and there were no contracts between the county and any towing company. *Id.* at 968. The defendants dropped the plaintiffs from the "call list" after the plaintiffs complained at a county board of commissioners' meeting that the sheriff's department gave preferential treatment to companies on the list owned by political supporters of the sheriff, even though the department was required to distribute references more or less evenly. *Id.* 968–71. The Sixth Circuit reversed the district court's conclusion that such actions did not constitute tortious interference with contracts, holding that the plaintiffs had "a reasonable expectancy of an economic relationship with stranded motorists who arranged for towing services via the call list." *Id.* at 979.

*Lucas* does not upset the Court's conclusion that the City cannot be held responsible for tortious interference with expected business relationships between the plaintiffs and stranded motorists. The *sine qua non* of a tortious interference claim is that the defendant

must be a third party to the contractual relationship or expectancy in question; a person who is a party to a contract cannot logically "interfere" with it. July 13 Order, at 18; *Reed v. Mich. Metro Girl Scout Council*, 201 Mich. App. 10, 13 (1993). In *Lucas*, the county's arrangement for towing services did not involve a contract between the government and the towing companies. The Sixth Circuit in *Lucas* held that the county government and sheriff's department were "third parties" to expected contractual relationships between the towing companies and stranded motorists, rendering them potentially liable for tortious interference with those relationships. By contrast, the City of Livonia here chose to contract directly with one towing company to provide the needed services, rather than facilitate contracts between motorists and towing companies on an as-needed basis as the government defendants in *Lucas* did. The City was therefore a party to the contract, rather than a third party. *Lucas* appears to confirm, rather than undermine, the Court's conclusion that the City was not liable for tortious interference as a matter of law.

The plaintiffs' argument with respect to the City officials named in the complaint duplicates arguments the Court has already rejected. The Court reaffirms its holding that the plaintiffs' amended complaint does not contain any allegations that the individual city officials acted "solely for their own benefit with no benefit to the [municipal] corporation." *Reed*, 201 Mich. App. at 13. Such allegations are necessary to separate the actions of individual municipal officers from the municipality itself, so that the relevant officials might be deemed a "third party" to contracts between the municipality and other parties. Allegations of this sort are absent here and no prima facie case of a "third party" to any contract has been stated. Because the plaintiffs failed to show a significant, outcome-altering error in the July 13 Order with regard to the law of tortious interference, the Court

will not reconsider its prior ruling on this point.

   II. Did the Court Improperly Apply the Fed. R. Civ. P. 12(b)(6) Standard to the Tortious Interference Claim Against Police Chief Stevenson?

The plaintiffs' second assertion of error concerns the Court's application of the relevant standard of review to one of the tortious interference claims. The Court noted in the July 13 Order that while the motions of all the parties were captioned as motions for summary judgment under Fed. R. Civ. P. 56, some of the arguments made by the City and its officials were akin to arguments made when seeking to dismiss a complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). July 13 Order, at 8. The tortious interference arguments were among those arguments the defendants objected to on Rule 12(b)(6) grounds. Plaintiffs allege that the Court failed to follow the standard of review on a motion to dismiss when analyzing the legal adequacy of their tortuous interference claim against Stevenson.

Rule 12(b)(6) allows dismissal of actions that "fail to state a claim upon which relief can be granted." A district court should only grant a motion to dismiss "'if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Minger v. Green*, 239 F.3d 793, 797 (6th Cir. 2001) (quoting *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996)). In evaluating a motion to dismiss, the court presumes the truth of all well-pled factual allegations. *Bishop v. Lucent Techs.*, 520 F.3d 516, 519 (6th Cir. 2006). *But see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the element of a cause of action will not do.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). All reasonable factual inferences are to be drawn in favor of the non-moving party. *Dubay v. Wells*, 506 F.3d 422, 427 (6th Cir. 2007). "Detailed factual allegations" are

not required.  *Twombly*, 550 U.S. at 555 .

The Supreme Court's decisions in *Twombly* and *Iqbal* should not be understood as undermining the Federal Rules' presumption of notice pleading, which only demands that the plaintiff make a "short and plain statement of the claim showing that the pleader is entitled to relief" in most instances.  Fed. R. Civ. P. 8(a)(2). Nevertheless, those decisions do require a plaintiff to show in his or her complaint that a given claim is more than just a "possibility."  A plaintiff cannot provide "facts that are 'merely consistent with' a defendant's liability" and expect to survive a motion to dismiss.  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  Rather, the facts must "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

The plaintiffs fail to demonstrate in their motion for reconsideration that the Court grievously misapplied the Fed. R. Civ. P. 12(b)(6) standard with respect to the tortious interference charge against Stevenson.  The crux of their argument appears to be the Court's conclusion in the July 13 Order that the plaintiffs' "allegations give rise to an equally strong inference that Stevenson had a good and longstanding relationship with Livonia Towing and therefore believed that the City would benefit from continuing the relationship."  July 13 Order, at 21.  This application of the motion to dismiss standard is not patently erroneous under *Iqbal* and *Twombly*.  Indeed, it is the correct application of these cases.

When a plaintiff pleads facts in support of a claim that could just as easily lend credence to a completely innocuous scenario, *Iqbal* and *Twombly* instruct that the claim ought to be dismissed.  Furthermore, the Court was correct to conclude that the only potentially wrongful conduct alleged by the plaintiffs, for purposes of a tortious interference claim, was Stevenson's request for a withdrawal of his letter of recommendation.

Moreover, it was not error for the Court to find that the wrongfulness of that request was negated by the City's removal of Stevenson from involvement in the towing contract[2] and the absence of any allegation that the letter was in fact withdrawn. In summary, the Court appropriately applied the Rule 12(b)(6) standard to the tortious interference claims against Stevenson were legally inadequate, and it will not accept the plaintiffs' invitation to reconsider that conclusion.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that plaintiffs' motion for reconsideration (docket no. 40) is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 5, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 5, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager

---

[2] Despite the plaintiffs' arguments, they in fact made no credible accusation that Stevenson was involved in the bid process after being removed by the City. The only document purportedly establishing involvement is Stevenson's letter to the City Council denying the accusations against him. Docket No. 21, Ex. 15. In no manner does a document of this type constitute "involvement in the bidding process."